**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: CHANGE HEALTHCARE, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION                           MDL No. 3108


**TRANSFER ORDER**


**Before the Panel:**[*]  Defendant Healthfirst, Inc., in the Middle District of Tennessee action (*Lemke*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 3108.  It requests that the unjust enrichment claim asserted against Healthfirst in Count VI of the *Lemke* complaint be separated and remanded to the transferor court.   Plaintiffs in the *Lemke* action, and defendants Change Healthcare Inc., UnitedHealth Group Inc., UnitedHealthCare, Inc., and Optum, Inc. (together, the Change Healthcare defendants), oppose the motion.

After considering the argument of counsel, we find that the *Lemke* action—including Count VI—involves common questions of fact with the actions previously transferred to MDL No. 3108, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of Minnesota was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Change Healthcare failed to take adequate measures to prevent and address the consequences of the cyberattack on its network announced in February 2024, which exposed the private information of millions of individuals and severely disrupted the ability of physicians, pharmacies, and other healthcare providers to use Change Healthcare's digital platform to access insurance information, fill prescriptions, submit insurance claims, and receive payment for services provided to patients.  *See In re: Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, MDL No. 3108, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 102148, at *1 (J.P.M.L. June 7, 2024).

Plaintiffs in *Lemke*, like other healthcare provider plaintiffs in the MDL, claim that, in the wake of the data breach, they were unable to submit insurance claims and receive payment for services rendered.  Plaintiff M.A.D. Billing, Inc., further alleges in Count VI that, when insurance

---

[*]  Judge Karen K. Caldwell did not participate in the decision of this matter.

claims eventually were submitted, Healthfirst—and potentially other insurer defendants[1]—wrongfully denied the claims on the ground that they were not timely filed. In requesting separation and remand of the Count VI claim, Healthfirst argues that the claim against it is unrelated to those against the Change Healthcare defendants because its liability will turn on questions of policy interpretation, rather than on responsibility for the data breach or its aftermath. This argument is not persuasive. Like the claims of healthcare provider plaintiffs against the Change Healthcare defendants, the claim against Healthfirst will turn in part on whether, and for how long, Change Healthcare's digital platform was unavailable to healthcare providers after the data breach, and whether any alternative means of submitting claims was provided.

Moreover, the injuries asserted in Count VI are the same injuries asserted against the Change Healthcare defendants by most, if not all, healthcare provider plaintiffs. The healthcare provider plaintiffs argue that, because of the data breach, they were unable for an extended period of time to receive reimbursement from their patients' health insurance carriers for services they provided to patients. As a result, they assert that they were required to take out personal loans or use savings to meet overhead and payroll expenses. If the insurers' denial of late-filed claims was justified under the terms of the applicable policies, damages for these injuries will be sought entirely from the Change Healthcare defendants, whereas if the insurers improperly denied the claims, the amounts that the insurers should have paid would reduce the amount of damages owed by the Change Healthcare defendants. This dispute thus may generate cross-claims between the Change Healthcare defendants and insurer defendants.

Finally, it is not clear whether the claim against Healthfirst (and potentially other insurance companies) is separable from the other counts in the *Lemke* complaint. The Count VI claim of unjust enrichment is asserted against Healthfirst and a putative class of insurer defendants. The *Lemke* plaintiffs argue that some of the Change Healthcare defendants are insurance companies that would be members of that putative defendant class. The Change Healthcare defendants do not deny this; rather, they state that it is unclear whether UnitedHealthcare, Inc., could be considered an insurance company that falls within the putative insurer defendants' class. In these circumstances, transferring Count VI to the MDL seems the best course of action. It will allow the transferee court to determine how best to handle the claim in Count VI, the degree to which it is separable, and whether, or when, remand might be appropriate.[2] Transfer also will ensure that all potentially liable defendants are before the transferee court and represented in the MDL.

---

[1] M.A.D. Billing, Inc., seeks in *Lemke* to represent a class of persons and entities that submitted insurance claims after the applicable deadlines because of the Change Healthcare data breach. It further seeks certification of a defendant class of insurer defendants that received such untimely claims, and to have Healthfirst appointed as the representative of that class.

[2] *See, e.g., In re Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("It may be that the claims against the Riddell defendants are easily separable, but we are persuaded that the transferee judge is in the best position to determine whether those claims are sufficiently related to the NFL claims to remain in centralized proceedings. If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rules 10.1–10.3, R.P.J.P.M.L.").

-3-

IT IS THEREFORE ORDERED that this action is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly          David C. Norton
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION**                    MDL No. 3108

## SCHEDULE A

<u>Middle District of Tennessee</u>

LEMKE, ET AL. v. CHANGE HEALTHCARE, INC., ET AL., C.A. No. 3:24−00302