UNITED STATES DISTRICT PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3108 |
| | *Benefit Source Inc. v. Optum Inc., District South Carolina C.A. No 6:26-327* |
| | **BRIEF IN SUPPORT OF MOTION TO VACATE TRANSFER AND REMAND** |

Pursuant to Rules 6.1, 7.1, and 10.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1407, Plaintiff Benefit Source, Inc., d/b/a BSi Companies (hereinafter "Plaintiff" or "BSi") submits this Motion to Vacate the Conditional Transfer Order entered on February 9, 2026 (CTO-29).  This order transferred the matter of *Benefit Source, Inc. v. Optum, Inc.*, filed by BSi in the District Court of South Carolina (6:26-cv-00327-DCC) (the "BSI Action").

As explained further below, the BSI Action is not a typical data breach case but is instead a contractual and business dispute relating to the unique facts and circumstances of BSI.  The goals of the JPML of efficiency and justice are therefore not served by inclusion of the BSI Action in the MDL and there would be delay and prejudice to BSI as a result.  BSi therefore respectfully requests that the Court vacate the CTO and allow the litigation to proceed in the local district.

BACKGROUND

BSi is a South Carolina corporation headquartered in Greenville, South Carolina.  *See* Complaint, ¶ 1.  BSi provides third-party administrative solutions to companies across the United States, including handling healthcare claims for self-funded employers' health plans, reviewing claims and issuing payments.  *See id.* at ¶ 2.

1

BSi and Optum entered into a contract (the "Contract") by which Optum would provide certain Client Payment and Communication Services (the "Services") to BSi. *See id.* at ¶ 6-7. Among the services provided under the Contract – and specifically addressed within the Contract – were Virtual Credit Services ("VCS Services") which allowed vendors receiving payments to do so electronically. *See id.* at ¶ 8. This was an attractive service for vendors and provided a financial benefit to BSi as, under the Contract, BSi and Optum divided all revenue from VCS Services with forty-five percent (45%) of all such revenue to Optum and fifty-five percent (55%) to BSi. *See id.* at ¶ 8.

When Optum experienced the data breach in February of 2024, all services under the Contract were terminated by Optum. *See id.* at ¶ 9. BSi therefore had to scramble to provide and complete the services that Optum typically provided, including hiring temporary staff, purchasing a MICR printer and checks, and setting up a system to issue payments. *See id.* at ¶ 10-11. Optum did restore services four months later, but never restored the VCS Services, though they are expressly provided for in the Contract. *See id.* at ¶ 12.

Plaintiff's Complaint asserts causes of action for Breach of Contract and Negligence. The allegations contained in each focus on the specific Contract between Optum and BSi and especially on the VCS Services. These matters will therefore focus on individualized and specific issues relating to BSi. Additionally, Optum has asserted that BSi owes a balance of $109,665.96 for services during this period. *See* attached Affidavit of Bob Harling. This dispute will necessarily be part of the BSi Action and is another individual issue, unique to this Contract, which cannot be ably addressed in the MDL.

LAW

Per 28 U.S.C. § 1407(a), when cases pending in different districts involve one or more common questions of fact, this Panel may transfer them for coordinated or consolidated pre-trial proceedings.

2

Transfers are only appropriate if the actions have common questions of fact and if transfer will promote the convenience of the parties and the just and efficient conduct of the actions. *See id.*

DISCUSSION

Plaintiff respectfully submits that the transfer of this matter to the United States District Court for the District of Minnesota for coordinated or consolidated proceedings as part of the Multidistrict *Litigation of In re: Change Healthcare, Inc., Customer Data Security Breach Litigation* (MDL No. 3108) will serve none of the stated goals of the statute and will cause delay, unnecessary cost, and – rather than allowing the parties to focus on the unique issues and claims at play in the BSi Action – will force Plaintiff into litigation involving irrelevant matters. This will result in a cumbersome and inefficient process for the claims at issue in this matter.

Plaintiff's claims against Optum fall into two categories and are summarized as follows:

(1) Pursuant to the contract between the parties, Optum agreed to provide, among other services, VCS. Through VCS, Optum would make payments to certain vendors and providers electronically. The vendors and/or providers would pay fees for the ability to receive such payments and all such revenue was divided between Optum and BSi with 45% of such revenue going to Optum and 55% going to BSi. Optum ceased providing such services at the time of the data breach but then simply refused to ever restore such services. Even to present day, these services are still not offered, depriving BSi of a significant source of revenue.

(2) Optum ceased to provide all *services* under the contract between the parties as of the date of the data breach. The majority of these services – other than the VCS – were ultimately restored but BSi incurred significant costs in having to replace such services. These costs included everything from staffing costs down to the purchase of a specialized printer to issue payments.

The claims in this matter do not involve consumer data theft, privacy violations, or statutory data-breach theories that predominate in the MDL. Instead, BSi includes causes of action for Breach of Contract and Negligence only. While the matters in the MDL focus on the data breach and Optum's

3

response to the hack[1], the issues in the BSi Action focus on the failure of Optum to provide services under the Contract. BSi handles a number of claims but is a small office. As a result, the damages relate to unique issues, down to the purchase of a printer and checks. Additionally, Optum is continuing to press for payment of what it alleges is $100,000 due under the Contract, which will necessitate resolution of this issue.

The instant case involves no allegations regarding exposure of personal data, identity-theft risk, or statutory consumer protection claims. While there is certainly some overlap, the mere fact that the acts have some relationship to the underlying incident in the MDL is not sufficient to warrant consolidation.

This is particularly true when the additional factors of convenience and efficiency are considered. Matters are transferred to the MDL for the purpose of promoting the just and efficient conduct of litigation and for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1407. These goals are not served by transfer of this matter. This case is pending in Plaintiff's home forum and is capable of prompt resolution. Inclusion in a large consumer MDL in Minnesota would subject Plaintiff to the substantial delays inherent in class-focused multidistrict proceedings and subject Plaintiff to additional litigation and discovery unrelated to the claims asserted here.

CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Panel vacate the Conditional Transfer Order as to *Benefit Source, Inc. v. Optum, Inc.*, No. 6:26-cv-00327-DCC (D.S.C.), and permit the action to proceed in the District of South Carolina.

Respectfully Submitted,

**ANTHONY LAW, LLC**

---

[1] The MDL also includes a number of class allegations. In contrast, this is a simple dispute between the provider, Optum, and a single client, BSi.

_s/Jay Anthony_____

K. Jay Anthony, Federal Bar No.: 10870
650 E. Washington Street
Greenville, S.C.  29601
864.301.8141 (phone)
864.203.8877 (fax)
janthony@anthonylawsc.com

**ATTORNEY FOR PLAINTIFF**

March 9, 2026
Greenville, South Carolina