**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:              **July 30, 2026**

LOCATION OF HEARING SESSION:    United States Courthouse
100 Otis Street, Courtroom 1, Third Floor
Asheville, NC  28801


TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel requesting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available.  Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **July 6, 2026.**  The procedures governing Panel oral argument (Panel Rule 11.1) are attached.  The Panel strictly adheres to these procedures.

FOR THE PANEL:

Jessica D. Birnbaum
Clerk of the Panel

cc:  Clerk, United States District for the Western District of North Carolina

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on July 30, 2026, the Panel will convene a hearing session in Asheville, North Carolina to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Dale A. Kimball | Madeline Cox Arleo |
| M. Casey Rodgers | Richard Seeborg |

SCHEDULE OF MATTERS FOR HEARING SESSION
July 30, 2026 –– Asheville, North Carolina


**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**


(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)


MDL No. 3189 – **IN RE: NORADA ENTITIES SECURITIES LITIGATION**

   Motion of Plaintiffs Beata Zimon, et al., to transfer the following actions to the United States District Court for the District of Wyoming:

   <u>Central District of California</u>

   COGLIETTI, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00684
   ZIMON, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00686
   RIVERA, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00688
   PARKINSON v. SANTARELLI, ET AL., C.A. No. 8:26−00689
   FUSSELMAN v. SANTARELLI, ET AL., C.A. No. 8:26−00690
   MOSQUERA, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00691
   RUMSTEIN, ET AL. v. SANTARELLI, ET AL., C.A. No.  8:26−00693
   GRAEF, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00694
   MAYFIELD v. SANTARELLI, ET AL., C.A. No. 8:26−00695
   SANDERS, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00696
   YERKICH, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00698
   MCDANIEL, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00699
   M'S SECOND SPACE LLC, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00700
   BROOKE ASHE INVESTMENTS LLC, ET AL. v. SANTARELLI, ET AL.,
       C.A. No. 8:26−00702
   CASITAS HOLDINGS, LLC, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00703

Middle District of Florida

RIVERA, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00770
ZIMON, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00775
COGLIETTI, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00777
PARKINSON v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00779
FUSSELMAN v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00780
MOSQUERA, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00781
RUMSTEIN, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00782
GRAEF, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00783
MAYFIELD v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00784
SANDERS, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No.3:26−00785
YERKICH, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00786
MCDANIEL, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00787
M'S SECOND SPACE LLC, ET AL. v. ASPIRE EVENTS LLC, ET AL.,
    C.A. No. 3:26−00788
BROOKE ASHE INVESTMENTS LLC, ET AL. v. ASPIRE EVENTS LLC,
    ET AL., C.A. No. 3:26−00789
CASITAS HOLDINGS, LLC, ET AL. v. ASPIRE EVENTS LLC, ET AL.,
    C.A. No. 3:26−00790

District of Wyoming

TAYLOR, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:25−00062
ZIMON, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00082
RIVERA, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00083
FUSSELMAN v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00084
MOSQUERA, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00085
RUMSTEIN, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00086
GRAEF, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00087
MAYFIELD v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00088
SANDERS, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
    C.A. No. 2:26−00089

YERKICH, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
     C.A. No. 2:26−00090
M'S SECOND SPACE LLC, ET AL. v. NORADA CAPITAL MANAGEMENT LLC,
     ET AL., C.A. No. 2:26−00091
COGLIETTI, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
     C.A. No. 2:26−00098
BROOKE ASH INVESTMENTS LLC, ET AL. v. NORADA CAPITAL MANAGEMENT
     LLC, ET AL., C.A. No. 2:26−00099
PARKINSON v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
     C.A. No. 2:26−00100
MCDANIEL, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
     C.A. No. 2:26−00103

MDL No. 3190 −   **IN RE: VALTRUS INNOVATIONS LTD. PATENT LITIGATION**

   Motion of Plaintiffs and Declaratory Judgment Defendants Valtrus Innovations Ltd. and Key Patent Innovations Ltd. to transfer of the following actions to the United States District Court for the Eastern District of Texas:

          Northern District of Illinois

VALTRUS INNOVATIONS LIMITED, ET AL. v. CORESITE, LLC, C.A. No. 1:26−03926
KEY PATENT INNOVATIONS LIMITED, ET AL. v. NETRALITY PROPERTIES, LP,
     C.A. No. 1:26−03929
VALTRUS INNOVATIONS LIMITED, ET AL. v. NTT GLOBAL DATA CENTERS
     AMERICAS, INC., C.A. No. 1:26−03945
VALTRUS INNOVATIONS LIMITED, ET AL. v. PRIME DATA CENTERS, LLC,
     C.A. No. 1:26−03958

          Western District of Louisiana

VALTRUS INNOVATIONS LTD., ET AL. v. LUMEN TECHNOLOGIES, INC.,
     C.A. No. 3:26−01346

          District of New Jersey

VALTRUS INNOVATIONS LTD., ET AL. v. COLOGIX, INC., C.A. No. 2:26−03884
VALTRUS INNOVATIONS LTD., ET AL. v. H5 DATA CENTERS LLC,
     C.A. No. 2:26−03886
VALTRUS INNOVATIONS LTD., ET AL. v. IRON MOUNTAIN DATA CENTERS
     LLC, C.A. No. 2:26−03890

<u>Eastern District of Texas</u>

VALTRUS INNOVATIONS LTD. v. NTT DATA SERVICES, LLC, ET AL.,
  C.A. No. 2:24−00361
VERTIV CORPORATION v. VALTRUS INNOVATIONS LIMITED, ET AL.,
  C.A. No. 2:26−00084
VALTRUS INNOVATIONS LIMITED, ET AL. v. EVODC, LLC, C.A. No. 2:26−00286
VALTRUS INNOVATIONS LIMITED, ET AL. v. STACK INFRASTRUCTURE, INC.,
  C.A. No. 2:26−00287

MDL No. 3191 − **IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

   Motion of Plaintiff City of Rochester, New York, to transfer the following actions to the United States District Court for the District of Minnesota:

<u>Northern District of California</u>

COUNTY OF SAN MATEO v. EIDP, INC., ET AL., C.A. No. 3:26−02380

<u>District of Minnesota</u>

CITY OF PEABODY, MASSACHUSETTS v. 3M COMPANY, ET AL.,
  C.A. No. 0:25−02083
CITY OF ROCHESTER, NEW YORK v. 3M COMPANY, ET AL.,
  C.A. No. 0:26−02329
 EARLVILLE COMMUNITY FIRE PROTECTION DISTRICT v. 3M COMPANY,
  ET AL., C.A. No. 0:26−02388

<u>District of Montana</u>

CITY AND COUNTY OF BUTTE−SILVER BOW v. 3M COMPANY, ET AL.,
  C.A. No. 2:25−00036

MDL No. 3192 −  **IN RE: COSTAR GROUP, INC., ET AL., ANTITRUST LITIGATION**

   Motion of Plaintiff Malm, Inc., to transfer the following actions to the United States District Court for the Central District of California:

<u>Central District of California</u>

COSTAR GROUP, INC., ET AL. v. COMMERCIAL REAL ESTATE EXCHANGE INC.,
  C.A. No. 2:20−08819
MALM, INC. v. COSTAR GROUP, INC., ET AL., C.A. No. 2:26−04052

Eastern District of Virginia

SHAPIRO HOSPITALITIES LLC v. COSTAR GROUP, INC., ET AL.,
   C.A. No. 1:26−01027


MDL No. 3193 −   **IN RE: HEALTH GORILLA, INC., ET AL., DATA SECURITY BREACH
   LITIGATION**


   Motion of Defendant Health Gorilla, Inc., to transfer the following actions to the United States District Court for the Southern District of Florida:

Central District of California

PATTERSON v. UVA HEALTH, ET AL., C.A. No. 2:26−01938
FOX, ET AL. v. EPIC SYSTEMS CORPORATION, ET AL., C.A. No. 2:26−04678

   Southern District of Florida

LOTT v. HEALTH GORILLA, INC., C.A. No. 1:26−21639
HUGHES v. HEALTH GORILLA, INC., C.A. No. 1:26−21952
DELIS v. HEALTH GORILLA, INC., ET AL., C.A. No. 1:26−22178
HAWKINS, ET AL. v. HEALTH GORILLA, INC., ET AL., C.A. No. 1:26−22328
MALENKOVICH v. HEALTH GORILLA, INC., C.A. No. 1:26−22757

   Eastern District of Michigan

JACKSON v. TRINITY HEALTH CORPORATION, ET AL., C.A. No. 4:26−10948
PABON v. TRINITY HEALTH CORPORATION, ET AL., C.A. No. 4:26−10989

   Western District of Wisconsin

BANH v. EPIC SYSTEMS CORPORATION, ET AL., C.A. No. 3:26−00216

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 1720 −  **IN RE: PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**

Opposition of Plaintiffs Potayto−Potahto, LLC, et al., to transfer of the following action to the United States District Court for the Eastern District of New York:

Southern District of New York

POTAYTO−POTAHTO, LLC, ET AL. v. VISA, INC., ET AL., C.A. No. 1:26−03245

MDL No. 2804 −  **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Motion of Defendants Cencora, Inc., et al., to transfer of the following action to the United States District Court for the Northern District of Ohio

Northern District of West Virginia

MARSHALL COUNTY BOARD OF EDUCATION, ET AL. v. CENCORA, INC., ET AL., C.A. No. 5:26−00027

MDL No. 2846 −  **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Opposition of Plaintiffs Delores Brunson Copeland and Phillip Copeland to transfer of the following action to the United States District Court for the Southern District of Ohio:

Eastern District of New York

COPELAND, ET AL. v. DAVOL, INC., ET AL., C.A. No. 1:26−02288

MDL No. 2873 −  **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of Defendant EIDP, Inc., and 3M Company to transfer the following actions to the United States District Court for the District of South Carolina:

<u>Northern District of Georgia</u>

THE CITY OF DALTON, GEORGIA v. 3M COMPANY, ET AL., C.A. No. 4:24−00293
COOSA RIVER BASIN INITIATIVE, ET AL. v. 3M COMPANY, ET AL.,
   C.A. No. 4:25−00075

<u>District of New Jersey</u>

VEOLIA WATER NEW JERSEY, INC. v. E.I. DUPONT DE NEMOURS AND
   COMPANY, ET AL., C.A. No. 2:20−19906

<u>Eastern District of New York</u>

PLAINVIEW WATER DISTRICT v. 3M COMPANY, ET AL., C.A. No. 2:23−03919

<u>Southern District of New York</u>

SUEZ WATER NEW YORK INC. v. E.I. DUPONT DE NEMOURS AND COMPANY,
   ET AL., C.A. No. 1:20−10731

Oppositions of Plaintiffs Loachapoka Water Authority, Inc., et al., Alabaster Water Board, Water Works Board of the City of Leeds, Pelham Water Works, Helena Utilities Board, Huntsville Waterworks Utility Board, Water Works Board of the City of Jackson, Inc., Grand Bay Water Works Board, Inc., Thomasville Water Works and Sewer Board, the City of Griffin, the Town of Pepperell, and the State of Minnesota, as well as Defendant Weyerhaeuser Company to transfer of their respective following actions to the United States District Court for the District of South Carolina:

<u>Middle District of Alabama</u>

LOACHAPOKA WATER AUTHORITY, INC., ET AL. v. 3M COMPANY, ET AL.,
   C.A. No. 3:26−00376

<u>Northern District of Alabama</u>

ALABASTER WATER BOARD v. 3M COMPANY, ET AL., C.A. No. 2:26−00804
WATER WORKS BOARD OF THE CITY OF LEEDS, ALABAMA v.
   3M COMPANY, ET AL., C.A. No. 2:26−00805
PELHAM WATER WORKS v. 3M COMPANY, INC., ET AL., C.A. No. 2:26−00812
HELENA UTILITIES BOARD v. 3M COMPANY, INC., ET AL., C.A. No. 2:26−00821
HUNTSVILLE WATERWORKS UTILITY BOARD v. 3M COMPANY, INC.,
   ET AL., C.A. No. 5:26−00794

Southern District of Alabama

THE WATER WORKS BOARD OF THE CITY OF JACKSON, INC. v. 3M COMPANY,
  ET AL., C.A. No. 1:26−00145
GRAND BAY WATER WORKS BOARD, INC. v. 3M COMPANY, INC., ET AL.,
  C.A. No. 1:26−00173
THOMASVILLE WATER WORKS AND SEWER BOARD v. 3M COMPANY,
  C.A. No. 1:26−00174

Northern District of Georgia

THE CITY OF GRIFFIN, GEORGIA v. 3M COMPANY, ET AL., C.A. No. 1:26−02748

District of Massachusetts

TOWN OF PEPPERELL, MASSACHUSETTS v. GEORGIA−PACIFIC, LLC, ET AL.,
  C.A. No. 1:26−10965

District of Minnesota

STATE OF MINNESOTA v. 3M COMPANY, ET AL., C.A. No. 0:26−02440

MDL No. 2924 −  **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

  Motion of Defendants Boehringer Ingelheim Pharmaceuticals, Inc., et al., to transfer actions to
the United States District Court for the Southern District of Florida:

Eastern District of Pennsylvania

COBAUGH v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 2:26−02149
GARDNER v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 2:26−02151
SPOTTS v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 2:26−02183
MARSHALL v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 2:26−02192
LOVE v. BOEHRINGER INGELHEIM PHARMACEUTCALS, INC., ET AL.,
  C.A. No. 2:26−02362

MDL No. 3029 − **IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION (NO. II)**

Opposition of Plaintiff Steven Louis Jarmon to transfer of the following action to the United States District Court for the District of Massachusetts:

Eastern District of Texas

JARMON v. MEDTRONIC USA, INC., ET AL., C.A. No. 4:26−00314

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of Defendants the City Of New York, et al., to transfer of the following action to the United States District Court for the Northern District of California:

Southern District of New York

MIZELL v. THE CITY OF NEW YORK, ET AL., C.A. No. 1:26−03631

MDL No. 3076 − **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**

Oppositions of Plaintiffs Kent Byers, et al., and Errol Alistair, et al., to transfer of the following actions to the United States District Court for the Southern District of Florida:

District of Columbia

BYERS, ET AL. v. FENWICK & WEST LLP, ET AL., C.A. No. 1:26−01651

District of New Jersey

ALISTAIR v. DECKER, ET AL., C.A. No. 2:26−05195

MDL No. 3108 −  **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of Plaintiffs Reus Services Valued Professionals, Inc., et al., to transfer of the following actions to the United States District Court for the District of Minnesota:

Middle District of Tennessee

REUS SERVICES VALUED PROFESSIONALS, INC. v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00337
ADVANCED BILLING CONSULTANTS, INC. v. CHANGE HEALTHCARE, INC., C.A. No. 3:26−00338
DENTFIRST, P.C. v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00339
DEXIOS CORPORATION v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00340
ALAMANCE EYE CENTER, P.A. v. CHANGE HEALTHCARE INC. C.A. No. 3:26−00344

MDL No. 3114 −  **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of Plaintiff Peggy A. Williams to transfer of the following action to the United States District Court for the Northern District of Texas:

Northern District of California

WILLIAMS v. AT&T INC., C.A. No. 5:26−02458

MDL No. 3126 −  **IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**

Opposition of Plaintiff Cory L. Chenault, Sr., to transfer of the following action to the United States District Court for the District of Montana:

Eastern District of Kentucky

CHENAULT v. AT&T, INC., ET AL., C.A. No. 5:26−00051

MDL No. 3176 −  **IN RE: RARE BREED TRIGGERS PATENT LITIGATION**

Oppositions of Defendants Jesse T. Kline and Orion Arms Corp., et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Texas and Motion of Plaintiff Atrius Development Group Corporation, Inc., for remand, pursuant to 28 U.S.C. § 1407(a), of the *Atrius Development Group Corporation, Inc*. action to the United States District Court for the Western District of Texas:

Southern District of Indiana

ABC IP LLC, ET AL. v. ORION ARMS CORP. D/B/A ORION WHOLESALE, C.A. No. 4:26−00032

Southern District of Mississippi

ABC IP, LLC, ET AL. v. KLINE, C.A. No. 3:25−00454

Eastern District of Texas

Atrius Development Group Corporation, Inc. v. ABC IP, LLC, et al., C.A. No. 4:26−00448
   (W.D. Texas, C.A. No. 7:26−00057)

District of Utah

ABC IP, LLC, ET AL. v. HK PARTS INC., C.A. No. 2:26−00090

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)      Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)      Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard"    and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)      Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)      Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)      Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

<u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.