**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** MDL No. 3108

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in the five Middle District of Tennessee actions listed on Schedule A move under Panel Rule 7.1 to vacate the order that conditionally transferred the actions to the District of Minnesota for inclusion in MDL No. 3108. Defendant Change Healthcare, Inc., opposes the motion.

After considering plaintiff's arguments, we find that these five actions involve common questions of fact with the actions previously transferred to MDL No. 3108 and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of Minnesota was an appropriate Section 1407 forum for actions sharing factual questions arising from a February 2024 cyberattack on Change Healthcare's network, which exposed the private information of millions of individuals and severely disrupted the ability of physicians, pharmacies, and other healthcare providers to use Change Healthcare's digital platform to access insurance information, fill prescriptions, submit insurance claims, and receive payment for services provided to patients. *See In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d 1367 (J.P.M.L. 2024). Plaintiffs in these five actions are healthcare providers or vendors that provide revenue cycle management services to healthcare providers. They allege that the Change Healthcare cyberattack was caused by Change's negligence and that their operations were disrupted by the Change Healthcare cyberattack and the shutdown of Change's platform. The actions thus fall squarely within the scope of the MDL.

Plaintiffs oppose transfer primarily on the ground that their actions were improperly removed from state court and federal jurisdiction is lacking. We consistently have held that we do not consider the merits of remand motions in deciding whether actions should be transferred and that arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacatur. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig*., 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).[1]

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] The Middle District of Tennessee court has denied the remand motions without prejudice to their being refiled should the Panel grant plaintiffs' motion to vacate the conditional transfer order.

Plaintiffs also argue that transfer will be inefficient and inconvenient because they intend to opt out of any classes that may be certified in the MDL. They contend that transfer will result in their actions being sidelined until class certification issues are resolved. That plaintiffs may opt out of any classes certified does not weigh against transfer. As we have held, we "routinely transfer opt-out actions to MDLs" even after class settlements have been reached "because of the efficiencies to be gained from the transferee court's management of overlapping actions and expertise in the issues." *In re Snowflake, Inc., Data Sec. Breach Litig.*, MDL No. 3126, 2026 WL 323102, at *2 (J.P.M.L. Feb. 5, 2026). Here, transfer will also provide efficiencies because of overlapping discovery and pretrial motion practice. To the extent that transfer may cause plaintiffs inconvenience, it is nonetheless appropriate because we look to "the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

David C. Norton
Madeline Cox Arleo
Richard Seeborg

Dale A. Kimball
M. Casey Rodgers

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** MDL No. 3108

**SCHEDULE A**

Middle District of Tennessee

REUS SERVICES VALUED PROFESSIONALS, INC. v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00337
ADVANCED BILLING CONSULTANTS, INC. v. CHANGE HEALTHCARE, INC., C.A. No. 3:26−00338
DENTFIRST, P.C. v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00339
DEXIOS CORPORATION v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00340
ALAMANCE EYE CENTER, P.A. v. CHANGE HEALTHCARE INC., C.A. No. 3:26−00344